FILED

2012 Jun-26  AM 10:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **KELLIE POER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No.:** _____ |
| | ) | |
| **DONOVAN FINGAR, LLC;** | ) | |
| **WOODLAND VILLAGE CONDO** | ) | |
| **ASSOCIATIONS, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## NOTICE OF REMOVAL

COMES NOW Defendant Donovan Fingar, LLC, by and through counsel, and hereby files and serves this Notice of Removal, removing this action from the Circuit Court of Jefferson County, Alabama, to the United States District Court for the Northern District of Alabama, Southern Division. In support thereof, the Defendant states as follows.

1.     This civil action was initiated in the Circuit Court of Jefferson County, Alabama, as case number CV-2012-1901598. The Summons and Complaint were served upon the Defendant on or about May 24, 2012. A true and accurate copy of the Summons and Complaint are attached hereto as Exhibit "A."

2.     This Notice of Removal is timely, as it is filed within the thirty (30) days following service of process.

3.     This action is being removed to Federal District Court on the basis of federal question jurisdiction as allowed by 28 U.S.C. § 1331.

4.     The United States District Court for the Northern District of Alabama, Southern Division, has original jurisdiction under 28 U.S.C. § 1331. This action is removable under 28 U.S.C. § 1441.

5.     This Court has jurisdiction under 28 U.S.C. § 1331, and removal is proper pursuant to 28 U.S.C. § 1441, because the Plaintiff's claims are premised upon a federal statute, the Fair Debt Collection Practices Act. This Court has "federal question jurisdiction over 'all civil actions arising under the constitution, laws, or treaties of the United States.'" Hill v. Bellsouth Telecomm, Inc., 361 F.3d 1308, 1314 (11th Cir. 2004). In this case, there is no question that a federal claim appears on the face of the Plaintiff's Complaint, as the allegations of the Plaintiff's Complaint are all premised upon alleged violations of the Fair Debt Collection Practices Act. As this case could have been filed in federal court originally, this court may also exercise supplemental jurisdiction over any claims allegedly premised upon state law, as all such claims arise out of a common nucleus of operative fact as the federal claim which is at the heart of the majority of, if not all, of the Plaintiff's claims. *See,* Boone v. J.P. Morgan Chase Bank, 447 F.App'x 961, 963 (11th Cir. 2011) (citing Parker v. Scrap Metal Processors, Inc., 468 F.3d 733, 742-43 (11th Cir. 2006)).

6.    This Notice of Filing Notice of Removal and other accompanying papers and notices have been served upon all counsel of record and adverse parties and filed with the Clerk of the State of Court from which this action is being removed, the Circuit Court of Jefferson County, Alabama, as required by 28 U.S.C. § 1446(d).  A copy of said Notice of Filing Notice of Removal is attached hereto as Exhibit "B."

7.    This Notice is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a) as amended, which eliminates the requirement for a verified petition.

8.    A copy of all pleadings, papers, Notices, and Orders, served upon the Defendant and which consists of the Record of the Clerk of the Circuit Court of Jefferson County, Alabama, have been attached hereto as Exhibit "A."

9.    All Defendants have consented to the removal of this case to federal court. (See Consent to Removal of Co-Defendant Woodland Village Condo Associates, Inc., attached hereto as Exhibit "C").

10.   For the reasons stated herein, this Federal District Court has jurisdiction of this case pursuant to 28 U.S.C. § 1331 and the case is properly removed pursuant to 28 U.S.C. 1441.

Respectfully submitted this the 22nd day of June, 2012.

_____

**JOSEPH E. STOTT** - STO041 (ASB-4163-T71J)
Attorney for Defendant Donovan Fingar, LLC

-3-

**OF COUNSEL:**

**Scott, Sullivan, Streetman & Fox, P.C.**
2450 Valleydale Road
Birmingham, AL 35244
(205) 967-9675
(205) 967-7563 Fax#
jstott@sssandf.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **KELLIE POER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )    **Case No.:** _____ |
| | ) |
| **DONOVAN FINGAR, LLC;** | ) |
| **WOODLAND VILLAGE CONDO** | ) |
| **ASSOCIATIONS, INC.,** | ) |
| | ) |
| **Defendants.** | ) |

## CERTIFICATE OF SERVICE

I hereby certify that I have on June 22, 2012 served a copy of the foregoing on the following attorneys of record via Alafile Efile and/or by placing a copy of same in the U.S. Mail:

*__Attorney for Plaintiff__*
David Lee Hubbard, Esq.
Hubbard Law Firm
2301 Morris Avenue, #213
Birmingham, Alabama 35203

*__Attorneys for Woodland Village Condo Associations, Inc.__*
James C. Gray, III, Esq.
Laura C. Nettles, Esq.
Lloyd, Gray, Whitehead & Monroe, P.C.
2501 Twentieth Place South, Suite 300
Birmingham, Alabama 35223

_____
**OF COUNSEL**

-5-

# EXHIBIT "A"



# NOTICE TO CLERK

### REQUIREMENTS FOR COMPLETING SERVICE BY
### CERTIFIED MAIL

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
KELLI POER V. DONOVAN FINGAR, L.L.C. ET AL

01-CV-2012-901598.00

To:  CLERK BIRMINGHAM
   clerk.birmingham@alacourt.gov

**TOTAL POSTAGE PAID FOR CERTIFIED MAIL: $13.60**

Parties to be served by **Certified Mail - Return Receipt Requested**

DONOVAN FINGAR, L.L.C.     *001*          Postage: $6.80
813 SHADES CREEK PKY
STE 200          7011 2970 0002 9664 2860
BIRMINGHAM, AL 35209

WOODLAND VILLAGE CONDOMINIUM ASSOCIATION, INC  *002*   Postage: $6.80
2101 MAGNOLIA AVE SOUTH
STE 312          7011 2970 0002 9664 2877
BIRMINGHAM, AL 35205

Parties to be served by **Certified Mail - Restricted Delivery - Return Receipt Requested**

ELECTRONICALLY FILED
5/21/2012 4:20 PM
CV-2012-901598.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>01-CV-201<br><br>Date of Filing:<br>05/21/2012 |
|---|---|---|

## GENERAL INFORMATION

### IN THE CIRCUIT OF JEFFERSON COUNTY, ALABAMA
### KELLI POER v. DONOVAN FINGAR, L.L.C. ET AL

**First Plaintiff:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other

**First Defendant:** ☑ Business  ☐ Individual  ☐ Government  ☐ Other

### NATURE OF SUIT:

**TORTS: PERSONAL INJURY**

- ☐ WDEA - Wrongful Death
- ☑ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonnes
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other:

**TORTS: PERSONAL INJURY**

- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**

- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**

- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP-Contempt of Court
- ☐ CONT-Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND- Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD-Eviction Appeal/Unlawful Detainer
- ☐ FORJ-Foreign Judgment
- ☐ FORF-Fruits of Crime Forfeiture
- ☐ MSHC-Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB-Protection From Abuse
- ☐ FELA-Railroad/Seaman (FELA)
- ☐ RPRO-Real Property
- ☐ WTEG-Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP-Workers' Compensation
- ☐ CVXX-Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING     A ☐ APPEAL FROM DISTRICT COURT     O ☐ OTHER

R ☐ REMANDED     T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?**  ☑ Yes  ☐ No

**RELIEF REQUESTED:**  ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**  HUB018     5/21/2012 4:20:03 PM     /s/ DAVID LEE HUBBARD

**MEDIATION REQUESTED:**  ☐ Yes  ☑ No  ☐ Undecided



ELECTRONICALLY FILED
6/20/2012 4:20 PM
CV-2012-901598.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## 10th JUDICIAL CIRCUIT, CIRCUIT CIVIL DIVISION

| | | |
|---|---|---|
| KELLIE POER; | ) | |
| | ) | |
| Plaintiff; | ) | |
| | ) | **CIVIL ACTION NO.:** |
| v. | ) | |
| | ) | |
| DONOVAN FINGAR, LLC; | ) | *PLAINTIFF DEMANDS TRIAL* |
| WOODLAND VILLAGE CONDO | ) | *BY A STRUCK JURY ON ALL* |
| ASSOCIATIONS, INC.; and | ) | *CLAIMS SO TRIABLE* |
| FICTITIOUS DEFENDANTS A, B, C, | ) | |
| D and E, being those person(s) or those | ) | |
| agenc(ies), law firms(s) firm(s), or | ) | |
| entities who have assisted or conspired | ) | |
| with Donovan Fingar and/or Woodland | ) | |
| Village Condo Associations to commit | ) | |
| or carry out the tortious and wrongful | ) | |
| acts described in this Complaint or | ) | |
| who claim to have obtained an | ) | |
| ownership interest in the subject | ) | |
| Property as a result of any purported | ) | |
| sale, transfer or assignment by | ) | |
| foreclosure, whose names and identities | ) | |
| are unknown to Plaintiff at this time | ) | |
| and whose name(s)will be substituted | ) | |
| upon discovery; | ) | |
| | ) | |
| Defendants. | ) | |

---

### VERIFIED COMPLAINT AND JURY DEMAND

---

COMES NOW the Plaintiff, **KELLIE POER** ("Plaintiff"), by and through her undersigned counsel of record and files this Complaint and Jury Demand and, in support of same, submits to this Honorable Court the following:

1.  Plaintiff reserves the right to amend this Complaint to add additional parties who in the future may be determined to be, are in some manner, legally responsible for the wrongs and injuries alleged herein.

## A.   NATURE OF THE ACTION

2.      This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and out of Defendant DONOVAN FINGAR, LLC and Defendant WOODLAND VILLAGE CONDO ASSOCIATIONS, INC ("Defendants" or "Defendant") wrongfully causing and instituting foreclosure proceedings concerning the property owned by Plaintiff situated at 1019 Woodland Village, Birmingham Alabama.

3.      As a combined and concurred direct and proximate result of the negligent, wanton, reckless, willful and/or culpable acts of Defendants and/or Fictitious Defendants A, B, C, D and E, the plaintiff was harassed and her property was caused to be wrongfully foreclosed.

4.      Plaintiff has suffered and will continue to suffer emotional distress, financial losses, money damages, attorney fees, and other damages.

5.      Plaintiff therefore seeks judgment on each count contained herein for whatever amount Plaintiff is found to be entitled, together with all costs of court.

6.      Moreover, for the wanton and/or reckless conduct averred, punitive damages are sought against each Defendant, jointly and/or severally.

## B.   JURISDICTION/VENUE/PARTIES

7.      Plaintiff incorporates by reference and re-alleges each and every allegation contained in Paragraphs 1 through 6 above as though fully set forth herein.

### (Jurisdiction)

8.      This Court has jurisdiction over this matter under *Ala. Code* §12-11-30 because the relief that is sought exceeds the jurisdictional minimum of this court and, pursuant to Section 12-11-31 relative to the equitable jurisdiction of this court.

9.      This Court has jurisdiction over the federal law claims (FDCPA) because a consumer may bring an action against a debt collector "in any appropriate U.S. district court without regard to the amount in controversy *or in any other court of competent jurisdiction.*" *See,* 15 U.S.C. § 1692k(d).

[2]

10.     This provision under FDCPA has been construed as granting FDCPA jurisdiction to both state and federal courts; as such, consumers are permitted to bring suit against a debt collector for an alleged FDCPA violation in either federal or state court. *See also, Lary v. Flasch Bus. Consulting,* 878 So. 2d 1158, 1164 (Ala. Civ. App. 2003) (*finding* Congress may elect to limit jurisdiction over a claim arising under federal law to federal courts, but when it does not choose to do so, Alabama courts have the power and duty to adjudicate claims arising under federal law as well as state law.")

### *(Venue)*

11.     Without limitation, venue is proper in the Circuit Court for Jefferson County, Alabama under *Ala. Code* § 6-3-1, *et. seq., ARCP* Rule 82, and 15 U.S.C. § 1692k(d).

### *(Parties)*

12.     Upon information and belief, and at all times hereinafter mentioned, the Plaintiff, **KELLIE POER**, is over the age of 19 years and is a resident of Jefferson County, Alabama.

13.     Upon information and belief, and at all times hereinafter mentioned, Defendant **DONOVAN FINGAR, LLC (Ala. Sec. of State No. 654-026)** was and is a Domestic Corporation registered to do business in the State of Alabama, with its place of business located in Birmingham, Alabama, County of Jefferson.

14.     Upon information and belief, and at all times hereinafter mentioned, Defendant **WOODLAND VILLAGE CONDO ASSOCIATIONS, INC (Ala. Sec. of State No. 072-258)** was and is a Domestic Corporation registered to do business in the State of Alabama, with its place of business located in Birmingham, Alabama, County of Jefferson.

15.     **DEFENDANTS A - E** are those entities who have assisted or conspired with Donovan Fingar and/or Woodland Village Condo Associations to commit or carry out the tortious and wrongful acts described in this Complaint or who claim to have obtained an ownership interest in the subject property as a result of any purported sale, transfer, or assignment by foreclosure. Plaintiff avers that the identities of the fictitious defendants herein described are otherwise unknown to the Plaintiff at this time or, if their names are known to Plaintiff, their identities as proper party defendants are not known to Plaintiff at this time and their true names will be substituted by amendment when ascertained.

[3]

## C.    FACTUAL AND LEGAL ALLEGATIONS
### (SEVEN COUNTS)

16.     Plaintiff incorporates by reference and re-alleges each and every allegation contained in Paragraphs 1 through 15 above as though fully set forth herein.

17.     During the calendar years 2008-2009, Plaintiff admittedly fell behind on payment of the monthly condominium assessment dues as a result of tenants' failure to pay monthly rent per the lease agreement.

18.     Plaintiff's property is secured by a mortgage loan and same property has been used for investment purposes since July 8, 2002, the date of purchase.

19.     Beginning on November 12, 2010, Plaintiff began receiving harassing communications in violation of FDCPA from Defendant Donovan Fingar stating they represented Defendant Woodland Village Condo Associations and were attempting to collect on an alleged debt of Plaintiff.

20.     The November 12, 2010 communication states "[t]his is a communication from a debt collector" and computes the demand amount to include $4,845.00 (assessment through 11/30/2010); $600.00 (Attorney fee); $53.10 (Advertising); $50.00 (Title search); and less $80.00 (late fees) and $1,200.00 (11/12/10 payment), for a total due in the amount of $4,268.10.

21.     By the year end December 31, 2010, Defendant Woodland Village Condo Associations recorded that Plaintiff owed $4,858.10 in past assessment dues and late fees.

22.     From January 2011 through to August 2011, the plaintiff made a series of payments in order to bring her account current; specifically, payments in the amount of $768.51, $770.00, $1,500.00, and $1,500.00. For each payment made, Defendant Donovan Fingar first demanded Plaintiff pay $500-$600 for attorney fees before any payment was applied to the assessment balance.

23.     On or about February 17, 2012, agents of Defendant Donovan Fingar again began threatening Plaintiff with foreclosure for the disputed past due condo fees.

24.     In same February 17, 2012 communication, without any prior written notice to Plaintiff in violation of FDCPA and in a manner repugnant with Alabama law,

[4]

agents of Defendant Donovan Fingar, on behalf of Defendant Woodland Village Condo Associations, published "Notice of Foreclosure Sale" in the Alabama Messenger.

25.     Agents of Defendant Donovan Fingar, with knowledge that Plaintiff's condo was occupied by a renter, purposefully and maliciously communicated same threat of foreclosure to Plaintiff's tenant; causing Plaintiff's renter to discontinue monthly rental payments.

26.     Plaintiff is a "consumer" for purposes of FDCPA as defined in 15 U.S.C. §1692a(3).

27.     Defendant Donovan Fingar is a "debt collector" for purposes of FDCPA as defined in 15 U.S.C. §1692a(6) and engaged in "communications" with Plaintiff under FDCPA as defined in 15 U.S.C. §1692a(2) and for the purpose of collecting a "debt" as defined in the FDCPA at 15 U.S.C. §1692a(5).

28.     "Without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than a consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." 15 U.S.C. §1692c(3).

29.     Defendant Donovan Fingar and its agents continued to have numerous inappropriate conversations with Plaintiff's tenant about the alleged and disputed debt in willful and wanton violation of FDCPA.

30.     Defendant Donovan Fingar and/or its principal, Defendant Woodland Village Condo Associations were attempting to collect this debt from Plaintiff when they knew or should have known their collection practices were and are in violation of FDCPA.

31.     Defendant Donovan Fingar and/or its principal, Defendant Woodland Village Condo Associations have engaged in a pattern and practice of wanton, reckless, negligent, wrongful and/or unlawful behavior with respect to Plaintiff, and as a result, Defendants are subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by Defendants and similar companies engaged such abusive practices.

[5]

32.     The Plaintiff has and continues to dispute the alleged debt purporting to give cause for Defendants' wrongful foreclosure action under *Ala. Code* 35-8A-316 and therefore avers that Defendants have wrongfully caused and instituted foreclosure proceedings concerning Plaintiff's property.

33.     As a result of same wrongful foreclosure the Plaintiff has suffered and will continue to suffer emotional distress, money damages, attorney fees, and other damages.

## COUNT I
### (Violations of The Fair Debt Collection Practices Act
### 15 U.S.C. §1692 *et seq — All Defendants*)

34.     Plaintiff incorporates by reference and re-alleges each and every allegation contained in Paragraphs 1 through 33 above as though fully set forth herein.

35.     Defendants, by and through its agents and/or employees, while acting in the line and scope of their employment and/or agency, contacted and harassed third parties on more than occasion with regard to an alleged debt owed by Plaintiff in violation of FDCPA.

36.     Defendants, by and through its agents and/or employees, while acting in the line and scope of their employment and/or agency, used abusive language while attempting to collect an alleged debt from Plaintiff in violation of FDCPA.

37.     Defendants, by and through its agents and/or employees, while acting in the line and scope of their employment and/or agency, used false, deceptive, and misleading means to collect a debt by threatening Plaintiff, directly and indirectly, with regard to seizure and foreclosure in connection with an alleged debt and/or threatening to take actions which could not legally be taken in violation of FDCPA.

38.     All actions taken by Defendants were done willfully, with malice, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were in violation of the FDCPA and/or that they knew or should have known that their actions were in reckless disregard of the FDCPA.

39.     Moreover, Defendants, in a manner repugnant to Alabama law, misguidedly and improvidently employed the foreclosure process for a use or for a

[6]

purpose not justified by law; thus, giving cause for an action which a Wrongful Foreclosure claim will lie.

40. As a direct and proximate result of Defendants' willful, malicious, and wrongful conduct, the Plaintiff has suffered and will continue to suffer emotional distress, money damages, damage to her reputation, attorney fees, and other damages.

## PRAYER FOR RELIEF

41. WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter judgment against Defendants, jointly and/or severally, and to award damages in an amount to be determined at trial, plus interest thereon, together with all other remedies provided under law, including but not limited to, compensatory damages, punitive damages, statutory damages, all costs (actual damage, costs of court, etc...), incidental and consequential damages, attorneys' fees and, any other relief which may be just, proper, and equitable.

## COUNT II

### (Negligent, Wanton, and/or Intentional Hiring and Supervision of Incompetent Debt Collectors — *Defendant Woodland Village Condo Associations*)

42. Plaintiff incorporates by reference and re-alleges each and every allegation contained in Paragraphs 1 through 41 above as though fully set forth herein.

43. Defendant Woodland Village Condo Associations negligently, recklessly, and/or intentionally hired, retained, trained or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiff, and is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

44. As a direct and proximate result of Defendants negligence, the Plaintiff has suffered and will continue to suffer emotional distress, money damages, damage to her reputation, attorney fees, and other damages.

## PRAYER FOR RELIEF

45. WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter judgment against Defendants, jointly and/or severally, and to award damages in an amount to be determined at trial, plus interest thereon, together with all other remedies provided under law, including but not limited to, compensatory damages,

punitive damages, statutory damages, all costs (actual damage, costs of court, etc…), incidental and consequential damages, attorneys' fees and, any other relief which may be just, proper, and equitable.

## COUNT III
### (Negligence— *All Defendants*)

46. Plaintiff incorporates by reference and re-alleges each and every allegation contained in Paragraphs 1 through 45 above as though fully set forth herein.

47. Negligence is the failure to use reasonable care to prevent harm to oneself or others. A Defendant is negligent when he either does something that a reasonably prudent person would not do in a similar situation, or he fails to do something that a reasonably prudent person would have done in a similar situation. *Ala. Pattern Jury Instr. Civ.* 28.01 (2nd ed.)

48. Plaintiff will prevail on this count because sufficient evidence exists which proves Defendants initiated foreclosure against Plaintiff wrongfully and/or negligently without using reasonable care to prevent harm to Plaintiff.

49. Plaintiff will prevail on this count because sufficient evidence exists which proves Defendants negligently and/or recklessly violated FDCPA in collecting an alleged debt without using reasonable care to prevent harm to Plaintiff.

50. Plaintiff will prevail on this count because sufficient evidence exists which proves Defendants acted with negligence and/or recklessness conduct in its dealings with and about Plaintiff as set forth in this Complaint.

51. As a direct and proximate result of Defendants negligence the Plaintiff has suffered and will continue to suffer emotional distress,[1] money damages, damages to her business and personal reputation, attorney fees, economic damage, property damage, loss of use and enjoyment of property, and other damages.

---

[1] The principle of "Negligent Infliction of Emotional Distress" is not an independent tort in Alabama but rather, same it is part and parcel of the traditional tort of negligence. *See, AALAR, Ltd., Inc. v. Francis*, 716 So. 2d 1141, 1144 (Ala. 1998); *Allen v. Walker*, 569 So.2d 350 (Ala.1990); *Reserve National Ins. Co. v. Crowell*, 614 So.2d 1005 (Ala.1993), *cert. denied*, 510 U.S. 824, 114 S.Ct. 84, 126 L.Ed.2d 52 (1993); *Fitch v. Voit*, 624 So.2d 542, n. 3 (Ala.1993); *Gideon v. Norfolk Southern Corp.*, 633 So.2d 453 (Ala.1994); *Morris v. Merritt Oil Co.*, 686 So.2d 1139, 1146, n. 2 (Ala.1996).

## PRAYER FOR RELIEF

52.     WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter judgment against Defendants, jointly and/or severally, and to award damages in an amount to be determined at trial, plus interest thereon, together with all other remedies provided under law, including but not limited to, compensatory damages, punitive damages, statutory damages, all costs (actual damage, costs of court, etc...), incidental and consequential damages, attorneys' fees and, any other relief which may be just, proper, and equitable.

## COUNT IV
### (Wrongful Foreclosure — *All Defendants*)

53.     Plaintiff incorporates by reference and re-alleges each and every allegation contained in Paragraphs 1 through 52 above as though fully set forth herein.

54.     Under Alabama law, a wrongful foreclosure occurs when a claimant fails to exercise good faith or uses its power of sale for any purpose other than to obtain repayment of a secured debt.

55.     Defendants negligently, recklessly, and/or intentionally instituted foreclosure proceedings for an alleged and disputed debt in violation of Alabama law.

56.     Defendant Woodland Village Condo Associations retained, trained or supervised incompetent debt collector Defendant Donovan Fingar, who were allowed or encouraged to violate the law as was done to Plaintiff, and is thereby jointly responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

57.     The acts and/or omissions herein constitute wrongful foreclosure and entitle the Plaintiff to recover money damages and/or other relief.

58.     As a direct and proximate result of Defendants wrongful foreclosure the Plaintiff has suffered and will continue to suffer will continue to suffer emotional distress, money damages, damages to her business and personal reputation, attorney fees, economic damage, property damage, loss of use and enjoyment of property, and other damages.

[9]

*PRAYER FOR RELIEF*

59.     WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter judgment against Defendants, jointly and/or severally, and to award damages in an amount to be determined at trial, plus interest thereon, together with all other remedies provided under law, including but not limited to, compensatory damages, punitive damages, statutory damages, all costs (actual damage, costs of court, etc…), incidental and consequential damages, attorneys' fees and, any other relief which may be just, proper, and equitable.

## COUNT V
### (Trespass—*All Defendants*)

60.     Plaintiff incorporates by reference and re-alleges each and every allegation contained in Paragraphs 1 through 59 above as though fully set forth herein.

61.     By and through its wrongful foreclosure and other activities, Defendants have interfered with Plaintiff's property rights, constituting a trespass, and has caused damage and diminution of value to such property and loss of rental income.

62.     As a direct and proximate result of Defendants wrongful foreclosure and trespass, the Plaintiff has suffered and will continue to suffer will continue to suffer emotional distress, money damages, damages to her business and personal reputation, attorney fees, economic damage, property damage, loss of use and enjoyment of property, and other damages.

*PRAYER FOR RELIEF*

63.     WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter judgment against Defendants, jointly and/or severally, and to award damages in an amount to be determined at trial, plus interest thereon, together with all other remedies provided under law, including but not limited to, compensatory damages, punitive damages, statutory damages, all costs (actual damage, costs of court, etc…), incidental and consequential damages, attorneys' fees and, any other relief which may be just, proper, and equitable.

## COUNT VI
### (Breach of Contract and Covenant of Good Faith
### and Fair Dealing —*Defendant Woodland Village Condo Assoc.)*

64.    Plaintiff incorporates by reference and re-alleges each and every allegation contained in Paragraphs 1 through 63 above as though fully set forth herein.

65.    Defendant Woodland Village Condo Association, by virtue of their relationship and the ongoing nature of the commercial and business relationship in connection with the condominium, owed contractual obligations to Plaintiff under its condo rules, riders, regulations and agreements and a duty to the Plaintiff to deal fairly and in good faith.

66.    Defendant Woodland Village Condo Associations negligently, recklessly, and/or wrongfully foreclosed Plaintiff's property in and intentionally hired, retained, trained or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiff.

67.    By and through its wrongful foreclosure and other activities, Defendant has wrongfully interfered with Plaintiff's property rights and has caused damage and diminution of value to such property and loss of rental income, and thereby, breached its contractual obligations to Plaintiff and has failed to deal fairly and in good faith with respect to the Plaintiff.

68.    As a direct and proximate result of Defendants breach, the Plaintiff has suffered and will continue to suffer money damages, damages to her business and personal reputation, attorney fees, economic damage, property damage, loss of use and enjoyment of property, and other damages.

### *PRAYER FOR RELIEF*

69.    WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter judgment against Defendants, jointly and/or severally, and to award damages in an amount to be determined at trial, plus interest thereon, together with all other remedies provided under law, including but not limited to, compensatory damages, punitive damages, statutory damages, all costs (actual damage, costs of court, etc...), incidental and consequential damages, attorneys' fees and, any other relief which may be just, proper, and equitable.

[11]

## COUNT VII
### (Injunctive Relief — *All Defendants*)

70.    Plaintiff incorporates by reference and re-alleges each and every allegation contained in paragraphs 1 through 69 above as though fully set forth herein.

71.    Plaintiff requests an immediate hearing for an injunction ordering Defendants to take all steps necessary to withdraw and/or release its claim of foreclosure on the subject property until such time as this matter is resolved or otherwise so ordered by the court.

72.    The plaintiff was no other adequate remedy at law and Plaintiff will be irreparably harmed if she is not allowed to retain her property during the pendency of this controversy. The extent to which the Defendants will suffer irreparable harm if an injunction issues is minimal, to none.

### *PRAYER FOR RELIEF*

73.    WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter an injunction against Defendants and/or order such other, further or different relief, injunctive or otherwise, which may be just, proper, and equitable.

### D.   JURY DEMAND

74.    Plaintiff incorporates by reference and re-alleges each and every allegation contained in Paragraphs 1 through 73 above as though fully set forth herein.

75.    Plaintiff demands trial by struck jury on all issues in this cause so properly triable.

### E.    REQUEST FOR SERVICE BY CERTIFIED MAIL

76.    Plaintiff incorporates by reference and re-alleges each and every allegation contained in Paragraphs 1 through 75 above as though fully set forth herein.

77.    Pursuant to *ARCP* Rule 4, Plaintiff requests that the foregoing Summons and Complaint be served by Certified Mail.

## F.   ACKNOWLEDGMENT

STATE OF ALABAMA          )
COUNTY OF JEFFERSON     )

KELLIE POER states under the penalty of perjury that the deponent read the foregoing Complaint and knows the contents thereof; that the information set forth above, subject to inadvertent or undiscovered errors, are based on and therefore necessarily limited by the records and information still in existence, presently recollected, and thus far discovered in the course of the preparation of the Complaint; that the deponent reserves the right to make any changes in the answers if it appears at any time that omissions or errors have been made therein or that more accurate information is available; that subject to these limitations, the information contained in the Complaint is true to the best of the my knowledge, information, and belief.

KELLIE POER

NOTARY PUBLIC
My Commission Expires: 12/24/12

[SEAL]

*Respectfully submitted,*
*This, the 21st day of May 2012:*

*/s/ David Lee Hubbard*
David Lee Hubbard (HUB018)
Attorney for the Plaintiff
*Email: hubbard@dlhlawfirm.com*

*OF COUNSEL:*
**HUBBARD LAW FIRM**
2301 Morris Avenue, # 213
Birmingham, Alabama 35203
*Office:* (205) 994-2252
*Fax:* (205) 994-6408
*Web: www.dlhlawfirm.com*

[13]

*PLAINTIFF'S ADDRESS:*
*c/o David L. Hubbard (HUB018)*

### SERVE DEFENDANTS VIA <u>CERTIFIED MAIL</u> AT:

DONOVAN FINGAR, L.L.C.
813 SHADES CREEK PKY, STE 200
BIRMINGHAM, ALABAMA 35209

WOODLAND VILLAGE CONDOMINIUM ASSOCIATION, INC.
2101 MAGNOLIA AVE SOUTH, STE 312
BIRMINGHAM, ALABAMA 35205

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

DONOVAN FINGAR, L.L.C.
813 SHADES CREEK PKY
STE 200
BIRMINGHAM, AL 35209

*D001*

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Jessica Thompson_   ☐ Agent   ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery
Jessica Thompson   6/24/12

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

CV 12-901598 SEC

3. Service Type
   ☐ Certified Mail   ☐ Express Mail
   ☐ Registered   ☐ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)

7011 2970 0002 9664 2860

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

UNITED STATES POSTAL SERVICE

• Sender: Please print your name, address, and ZIP+4 in this box •

FILED IN OFFICE

MAY 2 5 2012

ANNE-MARIE ADAMS
Clerk

ANNE-MARIE ADAMS, CLERK
ROOM 400 JEFF. CO. COURTHOUSE
716 RICHARD ARRINGTON JR BLVD. N.
BIRMINGHAM, ALABAMA 35203

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

WOODLAND VILLAGE CONDOMINIUM ASSOCIATION, INC.
2101 MAGNOLIA AVE SOUTH
STE 312
BIRMINGHAM, AL 35205

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _S.D. Bales_                    □ Agent
                                  □ Addressee

B. Received by (Printed Name)  | C. Date of Delivery
_S. Bates_                     | _3/18/__

D. Is delivery address different from item 1?  □ Yes
   If YES, enter delivery address below:       □ No

_eV 12- 901598 SFC_

3. Service Type
   □ Certified Mail     □ Express Mail
   □ Registered         ☑ Return Receipt for Merchandise
   □ Insured Mail       □ C.O.D.

4. Restricted Delivery? (Extra Fee)      □ Yes

2. Article Number
   (Transfer from service label)

_D O O 2_

7011 2970 0002 9664 2877

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

FILED IN OFFICE

MAY 25 2012

ANNE-MARIE ADAMS

ANNE-MARIE ADAMS, CLERK
ROOM 400 JEFF. CO. COURTHOUSE
716 RICHARD ARRINGTON JR BLVD N
BIRMINGHAM, ALABAMA 35203

# EXHIBIT "B"

ELECTRONICALLY FILED
6/22/2012 2:30 PM
CV-2012-901598.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| **KELLIE POER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) **Case No.: CV-2012-901598** |
| | ) |
| **DONOVAN FINGAR, LLC;** | ) |
| **WOODLAND VILLAGE CONDO** | ) |
| **ASSOCIATIONS, INC.,** | ) |
| | ) |
| **Defendants.** | ) |

## NOTICE OF FILING NOTICE OF REMOVAL

**TO:**   Carla Woodall, Circuit County Clerk
Houston County Courthouse
P.O. Drawer 6406
Dothan, Alabama 36302-6406

Notice is hereby given that, pursuant to 28 U.S.C. § 1441, et seq., Defendant

Donovan Fingar, LLC has filed a Notice of Removal in the United States District Court

for the Northern District of Alabama, Southern Division, to remove case number CV-

2012-901598 from the Circuit Court of Jefferson County, Alabama, to the United States

District Court for the Northern District of Alabama, Southern Division. A copy of said

Notice of Removal is attached hereto as Exhibit "A."

Respectfully submitted,

**s/Joseph E. Stott**
**JOSEPH E. STOTT - STO041 (ASB-4163-T71J)**
Attorney for Defendant Donovan Fingar, LLC

**OF COUNSEL:**

**Scott, Sullivan, Streetman & Fox, P.C.**
2450 Valleydale Road
Birmingham, AL 35244
(205) 967-9675
(205) 967-7563 Fax#
jstott@sssandf.com

## CERTIFICATE OF SERVICE

I hereby certify that I have on June 22, 2012 served a copy of the foregoing on the following attorneys of record via Alafile Efile and/or by placing a copy of same in the U.S. Mail:

*Attorney for Plaintiff*
David Lee Hubbard, Esq.
Hubbard Law Firm
2301 Morris Avenue, #213
Birmingham, Alabama 35203

*Attorneys for Woodland Village Condo Associations, Inc.*
James C. Gray, III, Esq.
Laura C. Nettles, Esq.
Lloyd, Gray, Whitehead & Monroe, P.C.
2501 Twentieth Place South, Suite 300
Birmingham, Alabama 35223

**s/Joseph E. Stott**
**OF COUNSEL**

-2-

ELECTRONICALLY FILED
6/21/2012 3:30 PM
CV-2012-901598.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KELLIE POER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: _____ |
| | ) |
| DONOVAN FINGAR, LLC; | ) |
| WOODLAND VILLAGE CONDO | ) |
| ASSOCIATIONS, INC., | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

COMES NOW Defendant Donovan Fingar, LLC, by and through counsel, and

hereby files and serves this Notice of Removal, removing this action from the Circuit

Court of Jefferson County, Alabama, to the United States District Court for the Northern

District of Alabama, Southern Division. In support thereof, the Defendant states as

follows.

1. This civil action was initiated in the Circuit Court of Jefferson County,

Alabama, as case number CV-2012-1901598. The Summons and Complaint were served

upon the Defendant on or about May 24, 2012. A true and accurate copy of the Summons

and Complaint are attached hereto as Exhibit "A."

2. This Notice of Removal is timely, as it is filed within the thirty (30) days

following service of process.

3.      This action is being removed to Federal District Court on the basis of federal question jurisdiction as allowed by 28 U.S.C. § 1331.

4.      The United States District Court for the Northern District of Alabama, Southern Division, has original jurisdiction under 28 U.S.C. § 1331. This action is removable under 28 U.S.C. § 1441.

5.      This Court has jurisdiction under 28 U.S.C. § 1331, and removal is proper pursuant to 28 U.S.C. § 1441, because the Plaintiff's claims are premised upon a federal statute, the Fair Debt Collection Practices Act. This Court has "federal question jurisdiction over 'all civil actions arising under the constitution, laws, or treaties of the United States.'" Hill v. Bellsouth Telecomm. Inc., 361 F.3d 1308, 1314 (11th Cir. 2004). In this case, there is no question that a federal claim appears on the face of the Plaintiff's Complaint, as the allegations of the Plaintiff's Complaint are all premised upon alleged violations of the Fair Debt Collection Practices Act. As this case could have been filed in federal court originally, this court may also exercise supplemental jurisdiction over any claims allegedly premised upon state law, as all such claims arise out of a common nucleus of operative fact as the federal claim which is at the heart of the majority of, if not all, of the Plaintiff's claims. See, Boone v. J.P. Morgan Chase Bank, 447 F.App'x 961, 963 (11th Cir. 2011) (citing Parker v. Scrap Metal Processors, Inc., 468 F.3d 733, 742-43 (11th Cir. 2006)).

-2-

6.     This Notice of Filing Notice of Removal and other accompanying papers and notices have been served upon all counsel of record and adverse parties and filed with the Clerk of the State of Court from which this action is being removed, the Circuit Court of Jefferson County, Alabama, as required by 28 U.S.C. § 1446(d). A copy of said Notice of Filing Notice of Removal is attached hereto as Exhibit "B."

7.     This Notice is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a) as amended, which eliminates the requirement for a verified petition.

8.     A copy of all pleadings, papers, Notices, and Orders, served upon the Defendant and which consists of the Record of the Clerk of the Circuit Court of Jefferson County, Alabama, have been attached hereto as Exhibit "A."

9.     All Defendants have consented to the removal of this case to federal court. (See Consent to Removal of Co-Defendant Woodland Village Condo Associates, Inc., attached hereto as Exhibit "C").

10.    For the reasons stated herein, this Federal District Court has jurisdiction of this case pursuant to 28 U.S.C. § 1331 and the case is properly removed pursuant to 28 U.S.C. 1441.

Respectfully submitted this the 22nd day of June, 2012.

JOSEPH L. STOTT - STO041 (ASB-4163-T71J)
Attorney for Defendant Donovan Fingar, LLC

-3-

**OF COUNSEL:**

**Scott, Sullivan, Streetman & Fox, P.C.**
2450 Valleydale Road
Birmingham, AL 35244
(205) 967-9675
(205) 967-7563 Fax#
jstott@sssandf.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **KELLIE POER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )    Case No.: _____ |
| | ) |
| **DONOVAN FINGAR, LLC;** | ) |
| **WOODLAND VILLAGE CONDO** | ) |
| **ASSOCIATIONS, INC.,** | ) |
| | ) |
| **Defendants.** | ) |

## CERTIFICATE OF SERVICE

I hereby certify that I have on June 22, 2012 served a copy of the foregoing on the following attorneys of record via Alafile Efile and/or by placing a copy of same in the U.S. Mail:

*__Attorney for Plaintiff__*
David Lee Hubbard, Esq.
Hubbard Law Firm
2301 Morris Avenue, #213
Birmingham, Alabama 35203

*__Attorneys for Woodland Village Condo Associations, Inc.__*
James C. Gray, III, Esq.
Laura C. Nettles, Esq.
Lloyd, Gray, Whitehead & Monroe, P.C.
2501 Twentieth Place South, Suite 300
Birmingham, Alabama 35223

_____
**OF COUNSEL**

-5-

# EXHIBIT "C"

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **KELLIE POER,** ) | |
| **Plaintiff,** ) | |
| ) | |
| ) | |
| **vs.** ) | **Civil Action No.: CV-2012-901598** |
| **DONOVAN    FINGAR,    LLC;** ) | |
| **WOODLAND VILLAGE CONDO** ) | |
| **ASSOCIATES, INC.,** ) | |
| **Defendants.** ) | |

## JOINDER AND CONSENT TO NOTICE OF REMOVAL OF ACTION

Pursuant to Sections 1441 and 1446 of Title 28 of the United States Code, Defendant Woodland Village Condo Associates, Inc. hereby joins in and consents to the notice of removal of this action from the Circuit Court for Jefferson County, Alabama to the United States District Court for the Northern District of Alabama filed by Defendant Equifax Inc. without waiving its rights to assert any personal jurisdictional claims or other motions including Rule 12 motions and/or any other motions under the Federal Rules of Civil Procedure.

Woodland Village Condo Associates, Inc. first received a copy of the Complaint on May 24, 2012.

Respectfully submitted this 21st day of June, 2012.

By: _Laura C. Nettles_

James C. Gray III (ASB-0584-R53J)
Laura C. Nettles (ASB-5805-S63L)
Attorneys for Woodland Village
Condo Associates, Inc.

1

OF COUNSEL:
LLOYD, GRAY, WHITEHEAD & MONROE, P.C.
2501 Twentieth Place South, Suite 300
Birmingham, Alabama 35223
(205) 967-8822
jgray@lgwmlaw.com
lnettles@lgwmlaw.com